## STRATTON et al. v. BEIDLER.
### No. 4041.

Court of Civil Appeals of Texas. El Paso.

Feb. 27, 1941.

Frank Lane, of Bracketville, for appellant.

W. J. Muller, of Bracketville, for appellee.

WALTHALL, Justice.

In this case H. F. Wilson and Clarence H. Stratton sue J. Francis Beidler and seek to enjoin and restrain him from placing boards or other obstructions in the dam and floodgate constructed and maintained on the east bank of the Las Moras Creek in Kinney County, and from placing boards and other obstructions in the floodgate at the dam to the height of four feet, as alleged, thus causing such surplus of water beyond the capacity of plaintiffs' ditch and causing the water to overflow plaintiffs' farm lands contiguous thereto, thus destroying the crops on said land, and causing the damage to the land as alleged.

Plaintiffs allege the defendant Beidler, on February 26, 1940, in order to produce a surplus flow of water through said ditch, placed boards or other obstructions in said floodgate at said dam to the height of about four feet, thereby causing such surplus of water, beyond the capacity of said ditch, to overflow and seep through and on to their "Stratton Farm" land, thus causing alkali to come to the surface and making it impossible to cultivate the soil and thus causing the damage complained of; that plaintiff Stratton has repeatedly removed boards and other obstructions from said floodgate so placed by defendant to a height of two feet thus eliminating such overflow of water in said ditch, but that defendant, time after time, replaced such boards or other obstructions in said floodgate, and has threatened to continue to do so, to plaintiffs' irreparable damage. Plaintiffs pray for temporary injunction, and on final hearing the temporary injunction be made perpetual, and for general relief and for costs.

The court granted a temporary restraining order and set the time for hearing the evidence.

Defendant answered in the suit by general demurrer and special exceptions, substantially as follows: Failure to allege with sufficient degree of certainty the dam referred to or its location, or who constructed it, or how or by whom it is maintained; failure to allege with sufficient degree of certainty the location of the ditch, or by whom it is maintained, or as to the quantity of water that should go through the ditch for domestic purposes below plaintiffs' farm, or the reasonable quantity of water to go through the ditch without injury to plaintiffs' farm; nor does the petition show who controls and maintains or who should control and maintain the boards or other objects placed in the floodgate at the dam; fails to allege from where the height of two feet is measured, or the quantity of water passing through said ditch on the east side of plaintiffs' farm for domestic purposes for those residing below said farm; nor does the petition allege the person or persons who reside below such farm.

Defendant further answered in the suit by general denial, and by traversing the facts alleged in plaintiffs' petition, special-

ly denied each fact or statement as made by plaintiffs in their petition charging him with the matters complained of, thus specially denying the main fact in plaintiffs' petition, that on the 26th day of February, 1940, in order to produce a surplus flow of water through said ditch he placed boards or other obstructions in said floodgate or at the dam to the height of four feet, and denied that he had threatened continuing to do so.

As we understand the pleadings as presented here, the case presented is one of facts alleged by one side and the facts as alleged specifically denied by the other side; that is, the plaintiffs simply state certain facts committed by the defendant of which they complain, and the defendant simply denied having committed such acts, and that there is no intention of either party to put at issue the right to the use of the water in the stream or ditch.

The trial court upon the presentation of the petition granted a temporary restraining order, the order granted providing for a further hearing on the application for a temporary injunction, and fixed the time and place for such hearing. Upon the date fixed by the court for such hearing the parties by agreement postponed the time for such hearing, and by agreement the cause was called for trial at the time agreed upon for a hearing on the application for a temporary injunction, at which time the court heard the defendant's general demurrer and special exceptions and overruled each of them, to which defendant excepted. The court heard the evidence and, while not making a separate finding of fact, in the opinion expressed the following: "that the application herein made is largely controlled by the decision of the Court of Civil Appeals of the Fourth Supreme Judicial District of Texas in the case of Stratton versus West and Bennett, 27 Tex.Civ.App. 525, 66 S. W. 244, to this effect: The ditch running east of the Stratton Farm, as described in plaintiffs' petition herein, is the same ditch involved in said case, the right to the use of which and the flow of water through the same to Tank #1 was in said case adjudicated to be vested in West and Bennett, and from the description of the land as disclosed by the evidence in this case the Gaeblers are presumably the successors in title, or at least possession, to West and Bennett, and therefore enjoy the rights to the use of said ditch in said cause vested in the said West and Bennett, and being vested with said right there likewise devolves upon them the correlative duty to maintain said ditch in such manner as that at least a normal flow of water would not over flow to plaintiffs, Stratton's and Wilson's lands. And the evidence further failed to establish that the increased water caused to flow into said ditch by the acts and conduct of defendant, Beidler, would be excessive if the ditch running east of the Stratton farm were maintained in good condition; and the evidence further establishing that said ditch was not maintained in good condition, the court is of the opinion that there is an absence of necessary parties before the court, that is, the present owner, or owners, of the ditch lying immediately east of the Stratton farm, the alleged over flow from which brought about or occasioned the alleged damage to the Stratton Farm; and therefore the relief prayed for should be and hereby is in all things denied."

From the facts found by the trial court the court was of the opinion that the cause of the overflow of the water on plaintiffs' land was the faulty condition of plaintiffs' ditch rather than the increase in the number of boards placed in the floodgate at the dam as alleged by the plaintiffs.

The evidence, we think, is sufficient to sustain the court's findings as to the faulty condition of the ditch. The court did not make a finding on the issue presented as to whether or not defendant placed the boards in the floodgate, being of the opinion, no doubt, that if the faulty condition of plaintiffs' ditch was the cause of the overflow on to plaintiffs' farm, any finding as to how the boards got into the floodgate to cause the increased flow would be immaterial.

The condition of the evidence and the court's findings, as expressed in the opinion, are sufficient, we think, to justify the refusal to grant the injunction.

Neither party has filed a brief in this court.

The case is affirmed.